UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES SINGLETON, <br><br> Plaintiff, <br><br> v. <br><br> AARON LOWELL NIELSEN, *et al.*, <br><br> Defendants. | CASE NO. C03-2372RSM <br><br> ORDER GRANTING SUMMARY JUDGMENT |

## I. INTRODUCTION

This matter comes before the Court on defendant Jimmie Melvin Farmer's Motion for Summary Judgment. (Dkt. #47). Mr. Farmer argues that plaintiff cannot succeed on the theory that he is vicariously liable for the actions of his co-defendant Aaron Nielsen because Mr. Nielsen was an independent contractor over whom Mr. Farmer had no control.[1]  Plaintiff responds that there are genuine issues of material fact as to whether Mr. Nielsen was acting as Mr. Farmer's agent or as an independent contractor, and therefore, summary judgment is not appropriate.

---

[1] Mr. Farmer also raised arguments as to the apparent issue of negligent entrustment. However, plaintiff has clarified that he did not, and does not, intend to raise that claim; therefore, this Court addresses only the vicarious liability arguments.

ORDER
PAGE - 1

For the reasons set forth below, the Court disagrees with plaintiff and GRANTS Mr. Farmer's motion for summary judgment.

## II.  DISCUSSION

**A.  Background**

This action arises from an injury accident that took place in 2002.  Mr. Farmer is a retired Boeing Engineer.  In 2002, he decided to purchase a 42' yacht for his personal use.  He contacted Steve Hansen at Hansen Yacht Sales about a vessel he had for sale, the M/V BISCUIT.

Mr. Farmer agreed to purchase the vessel, but required the deck to be relaminated as a condition of the sale.  The vessel owner refused to pay for the repairs, so Steve Hansen told Mr. Farmer that he would have his son, co-defendant Eric Hansen, relaminate the deck at Hansen Yacht Sales' expense.

After Eric Hansen finished the initial relamination, Mr. Farmer hired him to complete additional painting of the vessel.  Eric Hansen apparently hired Mr. Nielsen to help him with the job.

The work commenced while the BISCUIT was moored in Port Orchard.  However, due to complaints about noise and dust by neighboring vessel owners, Eric Hansen was required to find a new place to finish the work.  His father Steve Hansen happened to represent the seller of a boathouse in Port Townsend, so Mr. Farmer moved the vessel there.

In June of 2002, workmen began preparing the Port Townsend boathouse for a move to Seattle as part of its sale. On June 26, 2002, Mr. Nielsen moved the BISCUIT from the boathouse to a slip in the port of Port Townsend.  There is a dispute as to whether Mr. Nielsen had Mr. Farmer's permission to operate and move the boat.  As Mr. Nielsen attempted to bring the vessel into the slip, he asked a man on the dock – plaintiff in this action – to help him.  In the course of rendering that assistance, plaintiff was injured when Mr. Nielsen apparently applied

too much pressure to the throttle, ramming the yacht into the dock and pinning plaintiff against another vessel.

This lawsuit followed. Plaintiff has named Mr. Nielsen, Mr. Farmer, Eric Hansen individually and as agent for Hansen Yacht Sales, and the M/V BISCUIT as defendants in this case. The sole claim against Mr. Farmer states:

> At that time and place [June 26, 2002, Port Townsend, WA], defendant AARON LOWELL NIELSEN acted as agent of defendant JIMMIE MELVIN FARMER and operated the M/V BISCUIT with the express permission of defendant JIMMIE MELVIN FARMER.

(Dkt. #31 at 3).

### B. Summary Judgment Standard

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The Court must draw all reasonable inferences in favor of the non-moving party. *See F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds,* 512 U.S. 79 (1994). The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. *See Anderson*, 477 U.S. at 257. Mere disagreement, or the bald assertion that a genuine issue of material fact exists, no longer precludes the use of summary judgment. *See California Architectural Bldg. Prods., Inc., v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987).

Genuine factual issues are those for which the evidence is such that "a reasonable jury could return a verdict for the non-moving party." *Anderson,* 477 U.S. at 248. Material facts are those which might affect the outcome of the suit under governing law. *See id.* In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d

ORDER
PAGE - 3

547, 549 (9th Cir. 1994) (citing *O'Melveny & Meyers*, 969 F.2d at 747). Furthermore, conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment. *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 60 F. 3d 337, 345 (9th Cir. 1995). Similarly, hearsay evidence may not be considered in deciding whether material facts are at issue in summary judgment motions. *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 345 (9th Cir. 1995); *Blair Foods, Inc. v. Ranchers Cotton Oil,* 610 F. 2d 665, 667 (9th Cir. 1980).

**C. Applicable Law**

The parties agree that Washington State law governs the question of whether Mr. Nielsen was acting as agent or independent contractor for Mr. Farmer. As a general rule, a principal is not liable for the actions of an independent contractor. *DeWater v. State of Washington*, 130 Wn.2d 128, 137 (1996). Washington courts have explained that, in considering the issue of vicarious liability, "whenever there is a relationship between a superior business party and a subordinate business party the relationship can be characterized as either one of master and servant or one of independent contractorship." *Larner v. Torgerson Corp.*, 93 Wn.2d 801, 804 (1980). That characterization is typically a question of law, but where the facts are in dispute or susceptible of more than one interpretation the relationship must be characterized by the trier of the fact. *Hollingbery v. Dunn*, 68 Wn.2d 75 (1966).

> The factors to be considered are listed in the Restatement (Second) of Agency § 220(2) (1958) and the most crucial factor is the right to control the details of the work. When a superior business party has retained no right of control and there is no reason to infer a right of control over a subordinate business party, then he cannot be held liable for the negligent acts of the subordinate party.

*Larner*, 93 Wn.2d at 804-05.

Along with the extent of control by the principal over the details of the work, the other nine factors to be considered are:

- whether the workman is engaged in a distinct occupation or business;

ORDER
PAGE - 4

- the kind of occupation and whether it is done under the direction of an employer or by a specialist without supervision;
- the skill level required;
- whether the employer or contractor supplies the instrumentalities, tools, or place of work;
- the time period of employment;
- the method of payment, either by time or by the job;
- whether the work is part of the regular part of the business of the employer;
- the belief of the parties as to the relationship; and
- whether the principal is even engaged in business.

*Hollingberry*, 68 Wn.2d at 79.

### D. Relationship Between Mr. Farmer and Mr. Nielsen

Mr. Farmer asserts that he had no meaningful control over Eric Hansen or, by extension, over Mr. Nielsen. In *Hollingberry*, the court explained that

> [a]n independent contractor . . . may be generally defined as one who contractually undertakes to perform services for another but who is not controlled by the other nor is subject to the other's right to control with respect to his physical conduct in performing the services.

*Hollingberry*, 68 Wn.2d at 79. Mr. Farmer presents evidence in the form of his own declaration and Eric Hansen's declaration that he did not have control over the details of the work performed on the yacht and he did not set the work schedule. Indeed, Eric Hansen planned the job, decided when to complete the work, and decided what materials were needed and purchased those materials. Plaintiff does not rebut this evidence. Thus, the Court is convinced that Mr. Farmer lacked any control over the details of the work.

That single factor is dispositive of the question whether Eric Hansen and, by extension, Mr. Nielsen were independent contractors. However, the Court is also satisfied that the remainder of the factors weigh in favor of finding that Eric Hansen and Mr. Nielsen were independent contractors. Eric Hansen and Mr. Nielsen were engaged in a distinct occupation –

ORDER
PAGE - 5

the refinishing of vessels; the work performed was specialized and not supervised at the direction of Mr. Farmer, a mere boat owner; the job entailed a particular skill set; Eric Hansen provided the tools and the location at which the work took place; Mr. Farmer hired Eric Hansen to complete a specific job, not as a general employee; Mr. Farmer was retired and did not operate any business; no evidence exists that the parties believed they were entering into a general employer/employee relationship; and Eric Hansen was payed by the hour, which was periodically invoiced to Mr. Farmer for payment.  In turn, Eric Hansen paid Mr. Nielsen by the hour from the money he received from Mr. Farmer.

Plaintiff argues that the Court should not apply the factors to the general agreement for painting the yacht.  Instead, plaintiff argues that, because all parties concede that the act of operating the M/V BISCUIT was not part of such an agreement, the Court must apply the applicable case law to the act of operating the M/V BISCUIT separately.  Applying the law to that action, plaintiff asserts that he need only show that there is a genuine issue of material fact as to whether Mr. Farmer controlled or had the right of control over that activity from "whence the actionable negligence flowed – in this case, the piloting of the M/V Biscuit." (Dkt. #50 at 9) (citing *Massey v. Downey*, 15 Wn. App. 782, 787 (1976)).  The Court finds that argument misguided.

First, the Court is not persuaded that it should examine only the act of piloting the vessel in isolation from the agreement to paint the vessel.  The only reason the vessel was in the boathouse was because of the work being completed by Eric Hansen and Mr. Nielsen, and the only reason the vessel needed to be moved was because the boathouse had been sold and Eric Hansen and Mr. Nielsen were required to complete the work elsewhere.  Accordingly, the Court finds that moving the vessel was incidental to the work agreement, and therefore, it is proper to examine the full relationship between Mr. Farmer, Eric Hansen and Mr. Nielsen to determine whether Mr. Farmer had any control over the performance of the work.

1    Second, plaintiff presents no admissible evidence that Mr. Farmer ever gave permission
2    to Mr. Nielsen to operate the vessel. The only evidence suggesting such permission is Mr.
3    Nielsen's statement that he

> was present when Steve Hansen telephoned Mr. Farmer, told him the yacht needed to be moved, and that Mr. Farmer needed to rent a slip in the Port Townsend marina for the yacht. When the telephone call ended, Steve Hansen said the Mr. Farmer did not personally want to move the yacht, and the he wanted Eric and I to move it.

(Dkt. #51, Ex. 1 at 3). This statement presents double hearsay, as it is the out of court statement of Steve Hansen reporting the out of court statement of Jimmie Farmer, offered for the truth of the matter at issue. Fed. R. Evid. 801. Thus, to be admissible, both levels of hearsay must meet an exception or exemption to the hearsay rule. *U.S. v. Ateaga*, 117 F.3d 388, 396 n. 12 (9th Cir. 1997) (explaining that in "double hearsay" situations, each statement must qualify under some exemption or exception to the hearsay rule).

Although plaintiff appears to assert that the statement is admissible because the parties present during the call are all parties to the action, thereby relying on the "Admission of Party Opponent" exemption in Fed R. Evid. 801(d)(2), that argument ignores the fact that Steve Hansen has not been named as a party to this lawsuit either in his individual capacity or as a representative of Hansen Yacht Sales. Plaintiff has offered no other exception or exemption under which the statement may be admitted. Accordingly, the statement must not be considered in determining whether a genuine issue of material fact exists to defeat summary judgment. *Anheuser-Busch, Inc.*, 69 F.3d at 345; *Blair Foods, Inc.*, 610 F. 2d at 667. As a result, plaintiff has no evidence that Mr. Farmer ever granted permission to Mr. Nielsen to operate the vessel.

For all of these reasons, the Court finds that summary judgment in favor of defendants is appropriate, and Mr. Farmer will be dismissed as a defendant in this case.

### III. CONCLUSION

Having reviewed Mr. Farmer's motion for summary judgment (Dkt. #47), plaintiff's

response (Dkt. #50), defendant's reply (Dkt. #53), the declarations and exhibits in support of those briefs, and the remainder of the record, the Court hereby ORDERS:

(1) Defendant's Motion for Summary Judgment (Dkt. #47) is GRANTED. Mr. Farmer cannot be held vicariously liable for the actions of co-defendant Nielsen, who is deemed an independent contractor. Accordingly, Mr. Farmer is DISMISSED as a defendant from this case.

(2) The Clerk shall forward a copy of this Memorandum Order to all counsel of record.

DATED this _5_ day of June, 2006.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 8