UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES SINGLETON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AARON LOWELL NIELSEN, *et al.*, ) <br> ) <br> Defendants. ) <br> _____ ) | CASE NO. C03-2372RSM <br><br> ORDER GRANTING MOTION <br> FOR DEFAULT JUDGMENT |

## I. INTRODUCTION

This matter comes before the Court on plaintiff's Motion for Entry of Default Judgment. (Dkt. #55). Plaintiff argues that such judgment is appropriate because defendants have failed to file Answers to the Complaint or otherwise defend this action. Defendants Eric Hansen and Hansen Yacht Sales respond that they are filing Answers at the same time as filing their response, and that they have valid defenses. (Dkt. #61). Defendant Aaron Nielsen, against whom default has been previously entered by this Court, has never appeared in this action and has failed to file a response to the instant motion. For the reasons set forth below, the Court finds that default judgment is appropriate and GRANTS plaintiff's motion.

## II. DISCUSSION

### A. Background

This action arises from an injury accident that took place in 2002. Former defendant Jimmie Melvin Farmer decided to purchase a yacht for his personal use. He contacted Steve

ORDER
PAGE – 1

Hansen at Hansen Yacht Sales about a vessel he had for sale, the M/V BISCUIT. Mr. Farmer agreed to purchase the vessel, but required the deck to be relaminated as a condition of the sale. The vessel owner refused to pay for the repairs, so Steve Hansen told Mr. Farmer that he would have his son, Eric Hansen, relaminate the deck at Hansen Yacht Sales' expense.

After Eric Hansen finished the initial relamination, Mr. Farmer hired him to complete additional painting of the vessel. Eric Hansen apparently hired Mr. Nielsen to help him with the job.

The work commenced while the BISCUIT was moored in Port Orchard. However, due to complaints about noise and dust by neighboring vessel owners, Eric Hansen was required to find a new place to finish the work. Steve Hansen happened to represent the seller of a boathouse in Port Townsend, so Mr. Farmer moved the vessel there.

In June of 2002, workmen began preparing the Port Townsend boathouse for a move to Seattle as part of its sale. On June 26, 2002, Mr. Nielsen moved the BISCUIT from the boathouse to a slip in the port of Port Townsend. There is a dispute as to whether Mr. Nielsen had Mr. Farmer's permission to operate and move the boat. As Mr. Nielsen attempted to bring the vessel into the slip, he asked a man on the dock – plaintiff in this action – to help him. In the course of rendering that assistance, plaintiff was injured when Mr. Nielsen apparently applied too much pressure to the throttle, ramming the yacht into the dock and pinning plaintiff against another vessel. This lawsuit followed.

In his original Complaint, plaintiff named Mr. Nielsen, Platypus Marine, Inc., James Farmer and the M.V Biscuit as defendants to this action. The Complaint was served on defendants on August 6, 2003. Plaintiff then filed a First Amended Complaint deleting Platypus Marine Inc. as a defendant, renaming Jimmie Melvin Farmer (instead of James Farmer), and continuing to name Mr. Nielsen and the M/V Biscuit as defendants.

Mr. Nielsen failed to appear in this action, and default was entered against him on February 5, 2004.

Plaintiff filed a Third Amended Complaint on March 10, 2005, adding Eric Hansen and Hansen Yacht Sales as defendants to this action. On March 17 and March 22, 2005, plaintiff filed proofs of service on Hansen Yacht Sales. On March 28, 2005, counsel for that defendant entered a Notice of Appearance.

On July 22, 2005, plaintiff filed proof of service on Eric Hansen. On September 6, 2005, counsel for that defendant entered a Notice of Appearance.

The Court subsequently dismissed defendant Jimmie Melvin Farmer, and the M/V Biscuit as defendants to this action.

In the meantime, the remaining defendants, Mr. Nielsen, Mr. Hansen and Hansen Yacht Sales failed to file Answers to the Third Amended Complaint or defend this action in any way.[1]

Plaintiff has now moved for default judgment against these remaining defendants based on their failure to file Answers, or otherwise comply with the Court's scheduling Order in this action. Defendants Hansen and Hansen Yacht Sales oppose the motion, and filed Answers on June 16, 2006.

**B. Analysis of Motion for Default Judgment**

Plaintiff moves for default judgment in the amount of $300,000 jointly and severally against Mr. Nielsen, Mr. Hansen, and Hansen Yacht Sales. As a threshold matter, the Court notes that, pursuant to Rule 55 of the Federal Rules of Civil Procedure, default judgment against Mr. Nielsen is appropriate as default has already been entered against him and he has failed to otherwise defend this action.

As for Mr. Hansen and Hansen Yacht Sales, both admit, through counsel, that they failed to file timely Answers. However, counsel fails to demonstrate any good cause for such failure. Counsel neither explains why he failed to file Answers, nor does he contend that he was unaware of the requirement to file Answers. Rather, he merely states that defendants "have

---

[1] Defendant Eric Hansen did apparently attend his own deposition, and his counsel attended the deposition of former defendant Farmer.

ORDER
PAGE – 3

participated in pre-trial matters to the extent it has made sense to do so," and then offers their Answers in conjunction with the Response. (Dkt. #61 at 1). That explanation fails to demonstrate good cause for failing to file timely Answers to the Third Amended Complaint. Accordingly, the Court STRIKES those Answers as untimely.

Defendants received notice of the allegations against them and the opportunity to respond. By failing to do so the Court deems plaintiff's factual allegations admitted.[2] As a result, the Court also finds plaintiff's request for default judgment against Eric Hansen and Hansen Yacht Sales appropriate, and such judgment will be entered against the defendants jointly and severally.

### C. Relief Requested

Plaintiff requests monetary damages in the amount of $300,000. Of that amount, $39,843.15 is requested for reasonable and necessary medical expenses, and $6,868.29 is requested for lost wages. He asks for general damages in the amount of $253,288.56.

This Court may, but is not required to, hold an evidentiary hearing to determine the amount of damages to award plaintiff. Fed. R. Civ. P. 55(b)(2); *Henry v. Sneiders*, 490 F.2d 315, 318 (9th Cir. 1974). The Court finds such a hearing unnecessary in this case. Plaintiff has presented evidence of his special damages for medical expenses and lost wages, and has demonstrated that his injuries included back and neck strains, a fractured lumbar vertebrae at L3, multiple bruises and scrapes, and internal derangement of his left shoulder which required three corrective surgeries. Given the extent of those injuries, the Court does not find plaintiff's general damages request excessive or otherwise unjust.[3] Moreover, defendants have completely

---

[2] In addition, as plaintiff notes, defendants had the opportunity, but declined, to respond to co-defendant Farmer's motion for summary judgment. Accordingly, defendants are now bound by the factual determinations made in the Order issued on that motion. (*See* Dkt. #54).

[3] The Court acknowledges plaintiff's evidence highlighting jury verdicts for injuries that are similar to, but less severe than, plaintiff's injuries, in excess of $100,000 and as high as $650,000. (Dkt. #56, Ex. 4).

ORDER
PAGE – 4

failed to address plaintiff's request for damages, and have not attempted to demonstrate that plaintiff's request is either unsupported or excessive. Accordingly, the Court will grant plaintiff's request of damages in the amount of $300,000.

### III.  CONCLUSION

Having considered plaintiff's motion for default judgment, defendants' response, plaintiff's reply, and the remainder of the record, the Court hereby ORDERS:

(1)  Plaintiff's Motion for Default Judgment (Dkt. #55) is GRANTED.

(2)  Monetary damages in the amount of $300,000 are now ENTERED against defendants Nielsen, Hansen and Hansen Yacht Sales jointly and severally.

(3)  This case is now CLOSED.

(4)  The Clerk shall direct a copy of this Order to all counsel of record.

DATED this   26   day of June, 2006.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE – 5