UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES SINGLETON,

    Plaintiff,

v.

AARON LOWELL NIELSEN, *et al.*,

    Defendants.

CASE NO. C03-2372RSM

ORDER DENYING MOTION
FOR RELIEF FROM JUDGMENT

    This matter comes before the Court on defendants' motion for relief from default judgment pursuant to Rule 60(b)(1) or Rule 60(b)(6) of the Federal Rules of Civil Procedure. (Dkt. #10). This action arises from an injury accident that took place in 2002. Former defendant Jimmie Melvin Farmer decided to purchase a yacht for his personal use. He contacted Steve Hansen at Hansen Yacht Sales about a vessel he had for sale, the M/V BISCUIT. Mr. Farmer agreed to purchase the vessel, but required the deck to be relaminated as a condition of the sale. The vessel owner refused to pay for the repairs, so Steve Hansen told Mr. Farmer that he would have his son, Eric Hansen, relaminate the deck at Hansen Yacht Sales' expense.

    After Eric Hansen finished the initial relamination, Mr. Farmer hired him to complete additional painting of the vessel. Eric Hansen apparently hired Mr. Nielsen to help him with the job.

ORDER
PAGE – 1

1   The work commenced while the BISCUIT was moored in Port Orchard.  However, due to complaints about noise and dust by neighboring vessel owners, Eric Hansen was required to find a new place to finish the work.  Steve Hansen happened to represent the seller of a boathouse in Port Townsend, so Mr. Farmer moved the vessel there.

In June of 2002, workmen began preparing the Port Townsend boathouse for a move to Seattle as part of its sale.  On June 26, 2002, Mr. Nielsen moved the BISCUIT from the boathouse to a slip in the port of Port Townsend.  There is a dispute as to whether Mr. Nielsen had Mr. Farmer's permission to operate and move the boat.  As Mr. Nielsen attempted to bring the vessel into the slip, he asked a man on the dock – plaintiff in this action – to help him.  In the course of rendering that assistance, plaintiff was injured when Mr. Nielsen apparently applied too much pressure to the throttle, ramming the yacht into the dock and pinning plaintiff against another vessel.  This lawsuit followed.

In his original Complaint, plaintiff named Mr. Nielsen, Platypus Marine, Inc., James Farmer and the M/V Biscuit as defendants to this action.  The Complaint was served on defendants on August 6, 2003.  Plaintiff then filed a First Amended Complaint deleting Platypus Marine Inc. as a defendant, renaming Jimmie Melvin Farmer (instead of James Farmer), and continuing to name Mr. Nielsen and the M/V Biscuit as defendants.

Mr. Nielsen failed to appear in this action, and default was entered against him on February 5, 2004.

Plaintiff filed a Third Amended Complaint on March 10, 2005, adding Eric Hansen and Hansen Yacht Sales as defendants to this action.  On March 17 and March 22, 2005, plaintiff filed proofs of service on Hansen Yacht Sales.  On March 28, 2005, counsel for that defendant entered a Notice of Appearance.

On July 22, 2005, plaintiff filed proof of service on Eric Hansen.  On September 6, 2005,

ORDER
PAGE – 2

1  counsel for that defendant entered a Notice of Appearance.

2  The Court subsequently dismissed defendant Jimmie Melvin Farmer, and the M/V Biscuit
3  as defendants to this action.

4  In the meantime, the remaining defendants, Mr. Nielsen, Mr. Hansen and Hansen Yacht
5  Sales failed to file Answers to the Third Amended Complaint or defend this action in any way.[1]

6  Plaintiff subsequently moved for default judgment against these remaining defendants
7  based on their failure to file Answers, or otherwise comply with the Court's scheduling Order in
8  this action. (Dkt. #55). The Court granted the motion, reasoning that defense counsel had
9  failed to demonstrate any good cause for his failure to timely file Answers to the Third Amended
10 Complaint. (Dkt. #66).

11 Defendants, through the same counsel, now ask the Court to vacate the Order of
12 Dismissal and Judgment against them, arguing that they should not be punished for their
13 counsel's negligence. (Dkt. #67).

14 Having reviewed defendants' Motion for Relief from Judgement (Dkt. #67), plaintiff's
15 response (Dkt. #71), defendants' reply (Dkt. #73), plaintiff's sur-reply (Dkt. #75), the
16 declarations in support of those briefs, and the remainder of the record, the Court does hereby
17 find and ORDER:

18 (1) Defendants' Motion for Relief from Judgment (Dkt. #67) is DENIED. Defendants
19 have moved for relief from judgment based on the "excusable neglect" standard under FRCP
20 60(b)(1). Defense counsel essentially offers one excuse for his failure to file timely Answers in
21 this action:

22  > I did not file answers to plaintiff's complaint until after I was served with
   > Plaintiff's Motion for Entry of Default. Because I did not remember that the
23

---

24 [1] Defendant Eric Hansen did apparently attend his own deposition, and his counsel
25 attended the deposition of former defendant Farmer.

ORDER
26 PAGE – 3

> Federal Rules of Civil Procedure differed from Washington State Court Rules concerning default for failure to answer, I was not aware that I was already in default. Under Washington's CR 55(a)(2) a party who has entered an appearance may avoid entry of an order of default by filing a responsive pleading at any time before the hearing on a motion for default. Almost all of my trial experience has been in state court where my clients would not have been subject to entry of an order of default if I failed to file an answer until a motion for default was filed, as long as it was filed before the hearing on the motion.

(Dkt. #69 at 1-2).

Rule 60(b)(1) of Civil Procedure provides that a court may relieve a party from a final judgment on the basis of mistake, inadvertence, surprise, or excusable neglect. The U.S. Supreme Court held in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, et al.*, 507 U.S. 380 (1993), that "excusable neglect" covers negligence on the part of counsel. The Supreme Court explained that the determination of whether neglect is excusable is an equitable one, that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *See Pioneer*, 507 U.S. at 395.

In *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997), the Ninth Circuit Court of Appeals noted that *Pioneer* had changed the Circuit's governing law on excusable neglect. Before *Pioneer*, the Court of Appeals had held that "ignorance of court rules does not constitute excusable neglect" and had applied a *per se* rule against the granting of relief when a party failed to comply with a deadline. *See Briones*, 116 F.3d at 381-82. After *Pioneer*, the Court of Appeals recognized that the term covers cases of negligence, carelessness and inadvertent mistake. *See, id.* at 381. The Court of Appeals also adopted the equitable test articulated in *Pioneer* to determine whether neglect is "excusable" under Rule 60(b)(1). *Id.* The Court explained that the factors recited in *Pioneer* were not exclusive, but that they "provide a

ORDER
PAGE – 4

framework" with which the courts could determine what constitutes excusable neglect.

In *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223-24 (9th Cir. 2000), the Ninth Circuit Court of Appeals held that a district court's failure to articulate the *Pioneer* test, and then actually apply the test, was cause for reversal. Accordingly, the Court will analyze defendants' motion within the *Pioneer* "framework." *Bateman*, 231 F.3d at 1224.

Defense counsel asserts that he did not remember that the Federal Rules of Civil Procedure differed from Washington State Court Rules concerning default for failure to answer. (Dkt. #69 at 1). However, he admits that plaintiff's counsel warned him on at least three occasions that failure to file Answers could preclude defendants from asserting any defense or evidence at trial, and could result in default. (Dkt. #73 at 2). He further admits that he did not participate very actively in the case. (Dkt. #69 at 2).

The first factor of the *Pioneer* test, *supra*, requires a finding that plaintiff will not be prejudiced by vacating the judgment. Plaintiff argues that he faces substantial prejudice if the default judgment is set aside because the actual relationship between the defendants is one that can only be established through their testimony. Plaintiff notes that defendants have already asserted inconsistent testimony pertaining to their relationship in support of the instant motion, and allowing them to proceed to trial at this late date, without ever have providing plaintiff with Answers setting forth their claims and defenses would prejudice his case.

Defendants essentially respond that plaintiff would have had difficulty proving his case regardless of whether they timely filed Answers, and therefore, he is not prejudiced by setting aside the default judgment now.

The Court finds defendants' argument misguided. Filing a timely Answer would have allowed plaintiff to conduct discovery related to the defenses and any counterclaims asserted by defendants. In addition, timely Answers could have facilitated mediation or settlement

ORDER
PAGE – 5

discussions between the parties, as well as the preparation of pre-trial motions in this case. Accordingly, the Court agrees with plaintiff that substantial prejudice would occur to him should the Court grant defendants' motion.

The second factor requires the Court to examine the length of delay and the resulting impact it would have on these proceedings. If this Court granted defendants' motion, setting aside the default judgment, and allowing defendants to file Answers, this case would essentially start over. In fairness to plaintiff, this Court would be compelled to reopen discovery and provide adequate time for any pre-trial motions arising from the Answers. Furthermore, as this Court's trial calendar is full for the upcoming months, it is unlikely that a trial could proceed any earlier than February or March of 2007. Accordingly, the Court finds that undue delay would occur if it granted defendants' motion.

The third factor requires the Court to examine the reason for defendants' failure to file timely Answers. Herein lies a significant problem for defendants, namely, defense counsel cites only his ignorance to the Federal Rules of Civil Procedure as a basis for his negligence, *despite* his concession that plaintiff warned him of the possibility of default on at least three occasions prior to actually filing a motion for default judgment. Moreover, defense counsel has appeared in this Court as counsel in a number of cases, wherein he actively participated in litigation, and certainly should be aware of the Federal Rules of Civil Procedure due to his involvement in those cases. Thus, under the circumstances presented by defendants, the Court is not persuaded that this is simply excusable neglect.

In *Speisure, Krause & Madole, P.C. v. Ortiz*, 271 F.3d 884 (9th Cir. 2001), the Ninth Circuit Court of Appeals explained that, while an attorney's neglect might sometimes be excusable, when counsel has not presented a persuasive justification for such negligence, there is no reason to excuse such "professional neglect." *See, Speisure*, 271 F.3d at 886; *see also*

*Pincay v. Andrews*, 351 F.3d 947, 950 (9th Cir. 2003).

Finally, the Court must examine whether defendants filed the motion in good faith. While, the Court finds that defendants have not demonstrated any bad faith in filing this motion, the Court also finds, in view of defendants' complete failure to file timely Answers, even after being warned of the possibility of default, there can be no excusable neglect. Defendants are represented by an experienced attorney, familiar with litigation in this Court, who has failed to adequately explain his own actions, except to blame his lack of familiarity with the Federal Rules of Civil Procedure, and the fact that his clients are not paying him to actively participate in this case. (Dkt. #69 at 1-2). Accordingly, the Court declines to vacate the judgment and reopen the case.

(2) The Clerk is directed to forward a copy of this Order to all counsel of record.

DATED this 17th day of August, 2006.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE – 7